IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Fred A. Colvin, Chairman of the Board of Trustees, on behalf of BRICKLAYERS UNION LOCAL NO. 6 OF INDIANA PENSION FUND; | ) ) ) ) |
| James Boland, Board of Trustees, on behalf of BRICKLAYERS AND TROWEL TRADES INTERNATIONAL PENSION FUND; | ) ) ) ) |
| William Solivais, Chairman of the Board of Trustees, on behalf of BRICKLAYERS UNION LOCAL NO. 6 OF INDIANA HEALTH & WELFARE FUND; | ) ) ) ) ) |
| Paul Nysewander, Secretary of the Board of Trustees, on behalf of INTERNATIONAL UNION OF BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 4 OF IN & KY APPRENTICE FUND; | ) ) ) ) ) ) CASE NO.  2:18-cv-292 |
| James Boland, Board of Trustees, on behalf of INTERNATIONAL MASONRY INSTITUTE;  and, | ) ) ) ) |
| BRICKLAYERS LOCAL 4 OF IN & KY, | ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| RAMCORP, INC., | ) ) |
| Defendant. | ) |

**COMPLAINT**

Plaintiffs **Fred A. Colvin, Chairman of the Board of Trustees, on behalf of BRICKLAYERS UNION LOCAL NO. 6 OF INDIANA PENSION FUND; James Boland, Board of Trustees, on behalf of BRICKLAYERS AND TROWEL TRADES**

**INTERNATIONAL PENSION FUND; William Solivais, Chairman of the Board of Trustees, on behalf of BRICKLAYERS UNION LOCAL NO. 6 OF INDIANA HEALTH & WELFARE FUND; Paul Nysewander, Secretary of the Board of Trustees, on behalf of INTERNATIONAL UNION OF BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 4 OF IN & KY APPRENTICE FUND; James Boland, Board of Trustees, on behalf of INTERNATIONAL MASONRY INSTITUTE;** and, **BRICKLAYERS LOCAL 4 OF IN & KY,** by their attorneys, **PAUL T. BERKOWITZ & ASSOCIATES, LTD.**, complain of Defendant **RAMCORP, INC.** stating as follows:

## COUNT I

1.  This action arises under and jurisdiction resides with this Court pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, et seq., ("ERISA") and more particularly under Sections 502 and 515 of ERISA, 29 U.S.C. §1132 and §1145, and is brought by Plaintiffs **Fred A. Colvin, Chairman of the Board of Trustees, on behalf of BRICKLAYERS UNION LOCAL NO. 6 OF INDIANA PENSION FUND; James Boland, Board of Trustees, on behalf of BRICKLAYERS AND TROWEL TRADES INTERNATIONAL PENSION FUND** ("IPF")**; William Solivais, Chairman of the Board of Trustees, on behalf of BRICKLAYERS UNION LOCAL NO. 6 OF INDIANA HEALTH & WELFARE FUND; Paul Nysewander, Secretary of the Board of Trustees, on behalf of INTERNATIONAL UNION OF BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 4 OF IN & KY APPRENTICE FUND;** and, **James Boland, Board of Trustees, on behalf of INTERNATIONAL MASONRY INSTITUTE** ("IMI") (collectively referred to as the "Trust Funds") in order to judicially enforce the obligations owed, and breached, by Defendant

**RAMCORP, INC.** ("Ramcorp") to the Plaintiffs Trust Funds. More specifically, Plaintiffs Trust Funds seek an order directing Defendant Ramcorp to pay the delinquent contributions now known due for the period of January 1, 2014 through December 31, 2016 to Plaintiffs Trust Funds. Plaintiffs Trust Funds also seek an order directing Defendant Ramcorp to pay the liquidated damages and interest on the delinquent contributions, plus attorneys' fees and costs incurred by Plaintiffs as a result of being forced to bring this action.

2. Plaintiffs Trust Funds are employee benefit funds within the meaning of and subject to ERISA. The Plaintiffs Trust Funds provide benefits for employees working within this judicial district and are, themselves, administered in this judicial district, with the exception of the IPF and IMI which are administered in the District of Columbia, but which provide benefits for employees living in this judicial district.

3. At all times material herein, Defendant Ramcorp has employed employees within this judicial district.

4. As Defendant resides within this judicial district and a substantial part of the events or omissions giving rise to the claim occurred within this judicial district, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2).

5. At all times material herein, Defendant Ramcorp has been a signatory to a collective bargaining agreement with the Bricklayer Local 4 of IN & KY ("Union") and, as such, is bound by the Plaintiffs Trust Funds' Agreements and Declarations of Trust ("Trust Agreements").

6. Defendant Ramcorp breached said Agreements identified in this Count and is in violation of Sections 502 and 515 of ERISA (and 29 U.S.C. § 185) by failing to pay the delinquent contributions and contractually required interest and liquidated damages owed for the period of January 1, 2014 through December 31, 2016 to Plaintiffs Trust Funds.

**7.** Despite Plaintiffs Trust Funds' request, Defendant Ramcorp has failed to pay the contractually and statutorily required payments.

**8.** Plaintiffs Trust Funds have satisfied all statutory prerequisites as set forth in 29 U.S.C. §1132 (h).

WHEREFORE, Plaintiffs Trust Funds pray this Court order that:

**1.** Defendant Ramcorp pay the delinquent contributions, interest and liquidated damages now known due for the period of January 1, 2014 through December 31, 2016 to Plaintiffs Trust Funds;

**2.** Defendant Ramcorp pay statutory post-judgment interest on all principal contributions found due by this Order;

**3.** Defendant Ramcorp pay Plaintiffs Trust Funds' attorneys' fees and costs incurred herein; and,

**4.** Such other and further relief that this Court may find just and proper be entered against Defendant Ramcorp.

## COUNT II

**1.** Plaintiff **BRICKLAYERS LOCAL 4 OF IN & KY** ("Union") is a labor organization whose duly authorized officers or agents are engaged in representing or acting for employee members within this judicial district.

**2.** At all times material herein, Defendant **RAMCORP, INC.** ("Ramcorp") has been engaged in an industry affecting interstate commerce and employs individuals working within this judicial district.

3.      This Court has jurisdiction of this action pursuant to Section 301 of the Labor-Management Relations Act, 1947, as amended, 29 U.S.C. §185 ("LMRA").

4.      As Defendant resides within this judicial district and a substantial part of the events or omissions giving rise to the claim occurred within this judicial district, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2).

5.      At all times material herein, Defendant Ramcorp has been signatory to a collective bargaining agreement with the Union.  Included among the contractual obligations between the parties is the requirement that Defendant Ramcorp make payroll deductions to the Union.

6.      Defendant Ramcorp is in breach of its contractual obligations to the Union by failing to pay the delinquent deductions, plus interest and liquidated damages owed for the period of January 1, 2014 through December 31, 2016.

7.      Despite the Union's request, Defendant Ramcorp has failed to pay the monies identified in this Count.

WHEREFORE, Plaintiff Union prays this Court order that:

1.      Defendant Ramcorp pay the delinquent deductions, interest and liquidated damages owed for the period of January 1, 2014 through December 31, 2016, plus interest and liquidated damages owed to the Plaintiff Union;

2.      Defendant Ramcorp pay Plaintiff Union's attorneys' fees and costs incurred herein; and,

3.      Such other and further relief that this Court may find just and proper be entered against Defendant Ramcorp.

Respectfully submitted,

**PAUL T. BERKOWITZ & ASSOCIATES, LTD.**


By_____/s/Paul T. Berkowitz_____
            **PLAINTIFFS' ATTORNEYS**


Paul T. Berkowitz & Associates, Ltd.
123 West Madison Street, Suite 600
Chicago, Illinois  60602
P: (312) 419-0001
F: (312) 419-0002
E: paul@ptblaw.com
Attorney ID #19025-49